Alberto Zovero on behalf of the petitioner Tomas Sanchez Popoca. Mr. Popoca is asked in the court to reverse the BIA's finding of adverse credibility and that he was found to not have presented evidence of having been convicted of a particular serious crime and therefore he was denied asylum and the convention against torture and withholding or for example the particular serious crime was not applied as to Mr. Tomas or is not even analogous when we when you look at the for example he was convicted of a DUI sometime in the 1990s. His the only record that we have is that he received a two-year sentence and based on my sentence was converted to probation and he was admitted to a rehab facility and he did and that was reduced for seven months. There's testimony from Mr. Popoca that he completed the program that his attorney told him to change his life around. He was at the time when we applied different test factors your honor that the nature of the offense, the circumstances and whether or not he's a danger to the community. In this case it seems if somebody is convicted of a DUI sentenced to probation and do a rehab program there was no injuries to anyone unlike the Holder case where the defendant actually crashed his car into a home and injured a woman substantially. The court then found that yes that DUI under that circumstance should be a particular serious crime. Here what we have the only thing that we have before us is that and based on his testimony is that he went to rehab and well as I understand it the IJ the government argues otherwise did accept that he was chained for seven months. I think he was sentenced to 364 days. I don't know if the IJ credited the part that he was in rehab but. No your honor they made an adverse credibility finding because of the little details that he had and those can be explained because he suffered a head injury and he had some PTSD traumatic conditions that he suffered as a result of having his father murdered, his brother murdered, him being kidnapped and used as a mule and at that time given that he was a youthful offender, given that there was no injury to those things, he would find that it wouldn't constitute a particular serious crime. Counsel when was the head injury suffered? I believe the head injury, and I stand corrected your honor, I believe the head injury was suffered after the DUIs but when I mention the head injury it's because it affected his ability to recall the events at the 2018 hearing of removal. That's why he had very little details and when the government says he couldn't get the documents as many of us know it is documents of a misdemeanor from almost 30 years ago are almost always destroyed. My client in good faith went and tried to obtain those documents and part of the record says that he was unsuccessful. He got a record that he was convicted of a DUI in 1972 when he was four years old and for much of the process he was doing he was pro se. When the documents are not readily available your honor they're almost 30 years old it is hard to come back with some paperwork saying that yes he did have a misdemeanor conviction which is what he testified under oath. There were it was more than one but but what the frantescue factor says is not a cumulative number of offenses but rather a particular serious crime. I thought it was I thought it was a felony because of the priors no? That's possible your honor. I thought that was the that's what the record that exists does show. And when he testified he said that the judge reduced it and allowed him to go to a program instead of actually seeing jail time. Right because he suspended the sentence and sent him to jail but he was convicted of a felony as I understand it because of the prior. Yes your honor. Nevertheless he did not present the documents and therefore the court found that he it was his burden to show that he wasn't committed of a particular serious crime but as the court mentioned a moment ago what is a particular serious crime and and if we look at the nature of the offense and if we or what isn't there because had somebody been injured, had property been damaged, had anything of that nature happen we would most likely have a record of that and he would actually served sometime given the number of offenses that he had before. He wouldn't have been able to get probation as he did had this been a serious case where injuries took place. Counsel under the statutory scheme we don't have the authority to determine what is a particularly serious crime. That's left to the agency to determine so we can't disagree with the finding of the agency regarding whether or not this was a particularly serious crime. And thank you for asking that question your honor and I think that the BIA and the immigration and the IJ erred in not making and not finding that this case is is not similar as to the ones where where DUIs are considered particular serious crimes where people are actually injured and property is damaged. Nothing like this sort of happened here. Either the IJ or the BIA cite IA as saying that a DUI is a particularly serious crime but it actually didn't say that because in that case that you say there were injuries. Is there any is there any case that court case holding that a DUI without injuries? I'm not aware of that case your honor. And presumably there has to be some legal content to what is a particularly serious crime and yes the agency has discretion but it does have discretion with that regard to to just say anything could be a could jaywalking be a particularly serious crime? Well they and under the analysis Francesco they they look at a three factor. Well correct but but but as I said before there has to be some content to what is a if they say if if the agency was to decide that jaywalking was a particularly serious crime would we have to say fine it's your discretion? And that would be an abuse of discretion your honor. I I think uh. Counsel that's not the case we have here we do have cases that say DUI maybe not the exact same facts in this case but they say DUI is particularly serious crime even when there is no injury if the if the actions persist eventually there probably will be an injury and that's why DUI is such a serious crime because of the potentiality to injure someone if the activity persists. So if we have a case that says DUI is a particularly DUI a particular. Because when the agency made its decision or the IJ made its decision and the BIA actually held the decision they based it on on factors that my client failed to produce documents showing that this was not a particular serious crime. It was rather his failure to say here's a here's a transcript or a police report or a conviction and and as I mentioned earlier when when things happen 30 years ago it is those documents are not readily readily available and and he had a a hard time trying to find anything that had to do with those offenses. If you want to save any time you're almost out. Thank you. Please. Thank you. Good morning. Good morning. May it please the court my name is Greg Kelch and I represent the Attorney General. There's a lot of. Can I ask you to start out. Is there any case in which we have said that a DUI without an injury is a particularly serious crime? No ma'am and I do point of the BIA's decision here. The the point of the BIA's decision is that there's a lot about this case that we don't know. Was there a crash? Was there any personal injury or property damage? How fast was he going? How many prior DUIs did he have? As the as the applicant it was Mr. Popica's burden approved to resolve these issues. How does that happen? This is I understand that we have a case law that says that if the agency essentially makes a prima facie case that it's a particular serious crime something like that then the defendant has to prove that it wasn't a particular serious crime. A is proving that this is a DUI a prima facie case and two I'm back to the question of what if what does it mean to prove that it wasn't a particular serious crime? It proves that he had to prove that it wasn't an injury is that what he had to prove? But what I often see in other cases where this comes up is somebody who has say a DUI conviction something similar that they're asked questions about it in immigration court such as that was a DUI, was there a crash, was there any injuries? Do you recall how much you had been drinking that evening? And in most cases if the applicant's testimony is credible it's just no big deal and they and the parties move on. The problem here is that Mr. Popica throughout these proceedings has asked the agency to just assume that it was no big deal but he hasn't addressed any of that. He's never discussed the basis of his DUI and in fact when he was asked are there any other cases that you that you've dealt with where the DUI was 30 years old? Your honor I can't remember how old the DUIs were but I have dealt with older DUIs. And number two was he asked those questions? He was not your honor and he was represented by counsel in immigration court. He was not did not discuss it during his direct examination. On a cross-examination he was at the questions that he was asked his answers were somewhat evasive and then on a redirect he also did not go back and discuss discuss this issue. He also did not provide any personal declaration in advance of hearing going through his criminal history. But again he was represented by counsel so it puts the immigration judge and the BIA in a very awkward position here because he's not engaging with the issue and not providing evidence on it and now he is saying that well since there was no evidence about the nature of his DUI and the circumstances of the DUI conviction therefore it must not have been particularly serious. It's entirely circular logic. And as to your question about whether DUI is inherently a particularly serious crime I think if we look closely at the BIA's decision they're dealing with that issue in a very tactful way. They seem to be recognizing that not every DUI is going to be particularly serious but what they're saying is that any DUI with priors is particularly serious. Our reading of the BIA's decision is that because he has a conviction for DUI with priors and a two-year sentence he did not meet his burden of proof to demonstrate that it was not particularly serious. There's an absence of documentation of clear and credible testimony about this and that's a very reasonable it's not an abuse of discretion for the agency to resolve the case that way. Wasn't he actually sentenced to probation and he didn't? Well the FBI rap sheet is that this issue is at 297 of the administrative record. It says he has 730 days in jail, 24 months prison suspended sentence and 36 months probation all to be done consecutively. That's what it says but IJ specifically found incarcerated for several months. He didn't he didn't specifically find that it was rehab but he did specifically find that it was seven months. Yes he did accept that part of his testimony giving apparently giving him the benefit of the doubt when he said he would he served seven months in county jail and I want to remind the court about how this excuse me he didn't say that he said he served seven months in rehab not in county jail. Your honor this is at pages 188 to pages 191 of the record and he was asked about his sentence. He said the trial judge gave him a choice he could go to prison or go to rehab and he chose to go to rehab. Right. Later he's asked again to clarify and then he changed his testimony and said actually he served seven months in county jail. So whether there was rehab while he was in county jail that's probably a logical conclusion but his initial point was that he didn't serve he didn't go to prison the judge gave him a choice he could avoid prison by county by going to rehab. Well he did in California as I understand it prison is prison and jail is jail. So when he says he didn't go to prison he didn't go to prison. He didn't go to prison but he was that's what the DHS counsel was asking him about his sentence was he in fact sentenced to two years and he never really gave a straight answer to that to that question nor did he ever discuss the circumstances that lead leading to the DUI. And so under those circumstances we maintain that it was not an abuse of discretion for the agency to hold that he had not satisfied his burden of proof to demonstrate eligibly for withholding in cat by showing that he had not been convicted of a particularly serious crime. With the time I have remaining I just want to briefly address the issue about cat deferral. As we argue oh I'm sorry may I make one point on that. This did come up in the in my opponent's argument and then the reply brief. He refers to page 194 the administrative record where Mr. Popica is saying that he couldn't get documentary evidence about his criminal past. I want to be clear the question at page 194 was about his asylum application that he completed pro se. He was asked to list all of his arrests and that's where he talked about that he couldn't get the documentation and that may have been the case him being pro se and not speaking English. But he was represented by a counsel in immigration court. The immigration judge specifically told counsel and Mr. Popica that he needed to get information about about criminal past. And so with that is what we say in our brief that he hasn't demonstrated that he made any effort to prepare for the hearing and to provide information. I'd like to hear your cat argument so go ahead. Yeah as as we as we noted in our opening brief he simply you know he simply did not argue that he he had waived the issue of cat deferral on the merits and that is what the decision it said that he had waived that issue. Cat deferral the merits of cat deferral is entirely different from whether his DUI was a particularly serious crime. If he wanted that if that if he wanted his credibility and his eligibility for cat deferral on the merits to be reviewed he had to put the BIA on notice of that and so therefore that issue is not properly before the court. If there are no further questions I'll conclude and we would respectfully ask that the court deny this petition for review. My understanding is your legal position I demonstrate you agree that the the agency has to make some showing on the particular and your honor pardon me I'm I'm I'm not getting you here. I know we're trying to fix this I don't know why okay but I believe my wi-fi is strong. No it's not you um there's something wrong with my mic um you you're the my understanding is that you're the agency's position is that the agency has to make some kind of a showing with regard to particular serious crime before there's an obligation on the petitioner is that right? Yes we think the BIA yes our point in raising that is to note that we didn't just pull this out of thin air I mean there's the FBI rap sheet says he has a felony DUI conviction with prior to the two years. Oh yeah but there has to be some quantum as well I mean again to use a silly hypothetical suppose he had a jaywalking conviction I assume that wouldn't um lead to the conclusion that he has to prove that he wasn't convicted of a particularly serious crime is that right? Uh well jaywalking I suppose you know jaywalking if you pulled out a gun and shot at somebody while you jaywalk that would indeed be a particularly serious crime so if it's a jaywalking conviction with a you know he paid a $25 ticket no I don't think that the agency is to ask him to discuss that at hearing tell us whether what were the facts and the circumstances but when you have a D a felony DUI with a two-year sentence that could in fact be like a nail Ortiz maybe he did crash into somebody and hurt somebody we don't know and with and so having right since that issue has been raised. In other words if it yes so in other words if the agency makes a showing that it's not um itself on its face a particularly serious crime but it could be depending on the circumstances that's enough? Yes your honor and that is consistent with his Yes your honor thank you very much. One minute go ahead. Thank you your honor as to the deferral or cat removal I think it is worth noting that counsel in the merits hearing spent the last minutes arguing about the torture about the likelihood of torture if he returned to his country so the BIA was on notice and also when the appeal was timely filed citing error with the immigration court that also puts the BIA on notice. But it was a very specific question that was raised I it does seem to me that there are certainly led to believe that that and the BIA did believe that the only issue that was being raised was this issue about the once all issues are being raised in the appellate and in the appeal paperwork the BIA is on notice. Now moving on but my understanding is that it's not sufficient to file a notice of appeal with the BIA that says um the IJ was wrong in all respects right that's not and never file a brief and that's not what we did. I know but so so what you said was the IJ was wrong as to A and B you know categorically um and what as to whether it was particularly serious crime and as to the cat and but then as to the cat you you raised a specific question and since no brief was filed one certainly would come to the conclusion ordinarily that that's what was meant just that one thing. No that is that is that is a reasonable conclusion your honor but also just going back briefly 20 seconds we got in the the particular serious crime I think my client's totality of circumstances wasn't quite analyzed and he was not believed um the finding of adverse credibility uh should be. It's not really adverse credibility it is true that he he didn't say anything about the circumstances of the crime did he? He did say that that he talked about the sentence he gave you as much as he could remember. Lawyer might have asked him was anybody hurt and he didn't. Were you his lawyer? I don't know if you remember whether you were his lawyer but um whoever was his lawyer could have asked him that would have been helpful. But it's reasonable to conclude your honor that there was no injuries and there was no damage to anyone based just on sentence alone. It is not a leap it's not a great leap to make uh if somebody sentenced to probation it would indicate that yeah this is this is what we have in front of us and again your honor I respectfully ask that. Okay thank you very much um the case of um Sanchez-Popoca versus Garland is submitted um we will take a short break thank you. Thank you your honor.
judges: BERZON, RAWLINSON, Antoon